**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its**



Russ Kendig
United States Bankruptcy Judge

Dated: 09:42 AM February 3, 2012

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| VICKI LYNN VALENTINE, | ) | CASE NO. 10-63604 |
| Debtor. | ) | ADV. NO. 11-6064 |
| ANNE PIERO SILAGY, | ) | JUDGE RUSS KENDIG |
| Plaintiff, | ) | |
| v. | ) | |
| VICKIE LYNN VALENTINE, | ) | **MEMORANDUM OF DECISION (NOT INTENDED FOR PUBLICATION)** |
| Defendant. | ) | |

    Trustee Anne Piero Silagy ("Trustee") moves for summary judgment on her complaint to revoke Debtor-defendant's discharge and for turnover. The motion is brought pursuant to Federal Rule of Bankruptcy Procedure 7056, incorporating Federal Rule of Civil Procedure 56. It is unopposed.

    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the general

order of reference entered in this district on July 16, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed an individual chapter 7 petition on August 23, 2010 and received a discharge on December 21, 2010. Trustee determined that Debtor received federal and state income tax refunds which constituted property of the estate. On November 23, 2010, she moved for turnover of refunds totaling $3,824.00. The unopposed motion was granted on December 14, 2010, prior to discharge. Debtor failed to comply with the order for turnover.

On August 4, 2011, Trustee filed an adversary complaint. Three counts were raised: count one seeks revocation of the discharge under 11 U.S.C. § 727(d)(2), count two seeks revocation of the discharge pursuant to 11 U.S.C. § 727(d)(3), and count three is for judgment of $3,824.00, plus interest on the turnover request. Trustee also requested any judgment include the costs for the action and attorney's fees. Debtor filed an answer to the complaint and denied receiving $3,824.00 from her 2009 income tax return. She admitted that she had not turned over any property to Trustee.

## ANALYSIS

The fact pattern raised in Trustee's motion is not novel and has been considered by this court on more than one occasion. *See* Silagy v. Suttle (In re Suttle), Case No. 05-69004, Adv. No. 08-6011 (Bankr. N.D. Ohio September 10, 2008); Mason v. Hines (In re Hines), Case No. 05-66898, Adv. No. 07-6132 (Bankr. N.D. Ohio January 23, 2008); Mason v. Snavely (In re Snavely), Case No. 00-64160, Adv. No. 07-6009 (Bankr. N.D. Ohio August 6, 2007). These cases clearly establish that the failure to obey a turnover order seeking tax refunds which are property of the estate is the basis for revocation of a discharge under 11 U.S.C. § 727(d)(3). Through her affidavit, Trustee established Debtor failed to obey the turnover order dated December 14, 2010. Defendant did not respond to the motion for summary judgment and has not submitted any evidence that she did not receive a tax refund for 2009. The court therefore concludes there is "no genuine dispute as to any material fact and the [Trustee] is entitled to judgment as a matter of law." Fed. R. Bank. P. 7056(a). Trustee's motion will be granted.

The court will issue an order in accordance with this opinion.

\#     \#     \#

**Service List**

Bruce R Schrader, II
Michael J. Carey
Roetzel & Andress
222 S Main St
Suite 400
Akron, OH 44308

Thomas W Kimmins
11 Lincoln Way East
Massillon, OH 44646-6631

Vicki Lynn Valentine
5545 Island Drive NW
Canton, OH 44718